**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NOVUS AG, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-01404-MTS |
| ) | |
| S&M FARM SUPPLY, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Defendants S&M Farm Supply, LLC, Earl Smith III, and Michael Doody's Notice of Removal, Doc. [1], and Plaintiff Novus Ag, LLC's Motion to Remand, Doc. [8].  The Court has identified problems with both.  For the reasons that follow, the Court will require Defendants to file an amended Notice of Removal, and the Court will deny Plaintiff's Motion to Remand without prejudice.

**I.   Background**

Plaintiff filed a six-count Petition in the Twenty-First Judicial Circuit Court of Missouri asserting state-law contract, trade secret, defamation, and conversion claims and seeking injunctive relief and a declaratory judgment.  Doc. [5]. Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(a), arguing that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2). Doc. [1] ¶¶ 1–3.  More specifically, Defendants assert that they are citizens of Illinois, and Plaintiff is a citizen of Brazil, *id.* ¶¶ 4–5, such that this case is between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2). Defendants also assert that the "amount in controversy exceeds $75,000 exclusive of interest and costs."  Doc. [1] ¶ 6; *see* 28 U.S.C. § 1332(a).  In response, Plaintiff filed a Motion to

- 1 -

Remand challenging the removal.  Doc. [9].  Plaintiff disputes Defendants' allegations concerning Plaintiff's purportedly foreign citizenship, and it argues that remand is proper because, like Defendants, Plaintiff is a citizen of Illinois.  *Id.* at 1.

## II. Discussion

Defendants may remove civil, state-court actions to federal court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  As relevant here, United States district courts have original subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. §§ 1332(a)(1) and (2).  Both provisions, in their respective contexts, require complete diversity between the parties.  *Compare M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023) (discussing § 1332(a)(1)), *with Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (discussing § 1332(a)(2)).

The party seeking removal "bears the burden of establishing jurisdiction by a preponderance of the evidence." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).  When jurisdiction is based on diversity under § 1332(a), the removing party must "set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  And, as has long been the case, the removing party must allege the diversity of the parties "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014)

(finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"); *see also Stevens v. Nichols*, 130 U.S. 230, 231–32 (1889).

For purposes of diversity jurisdiction under § 1332(a), the citizenship of a business organization depends on whether it is a corporation or a non-incorporated entity. *See GMAC Com. Credit v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). Congress has set forth a specific test for the citizenship of corporations. 28 U.S.C. § 1332(c)(1) ("[A] a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). But the citizenship of "an unincorporated entity depends on the citizenship of all the members." *GMAC*, 357 F.3d at 828 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 15, 195–96 (1990)). Accordingly, the citizenship of a limited liability company ("LLC") is that of its members, *id.* at 829, and where applicable, the citizenship of the LLC's sub-members, *Hill v. Lowe's Home Ctrs., LLC*, 1:21-cv-00185-SRC, 2022 WL 1202363 at *3 (E.D. Mo. Apr. 22, 2022) (citing *Clark v. SL W. Lounge, LLC*, 4:18-cv-01223, 2019 WL 527781, at *2 (E.D. Mo. Feb. 11, 2019)) (explaining that the Court must know "the citizenship of **all** persons and entities within the ownership structure").

The citizenship of a *foreign* business organization presents further challenges because "other nations do not necessarily call entities that are in effect corporations by that name" and, in those instances, a court must first decide whether the foreign company should be treated as a corporation or an unincorporated entity. *Jet Midwest Int'l Co. v. Jet Midwest Grp.*, 932 F.3d 1102, 1105 (8th Cir. 2019). In the Eighth Circuit, whether a foreign entity should be classified as a corporation depends on whether the entity "is 'equivalent in all legally material respects

to a corporation under state law.'" *Id.* (quoting *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003)).

> The court treats a foreign legal entity as a corporation if it has "the standard elements of 'personhood' (perpetual existence, the right to contract and do business in its own name, and the right to sue and be sued)," as well as the ability to "issue shares to investors who enjoy limited liability" and which "can be bought and sold, subject to restrictions that the business declares."

*Id.* (quoting *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014)) (cleaned up). If the above qualities are absent, the foreign entity's citizenship "depends on the citizenship of [its] members." *Id.* at 1104.

A removing party must specifically set forth the citizenship of a business entity—either foreign or domestic—because a business entity's multifaceted citizenship could destroy the "complete diversity" that § 1332(a) requires. *M & B Oil*, 66 F.4th at 1109. For example, if a foreign corporation has a principal place of business in New York, diversity jurisdiction is destroyed if an opposing party also has New York citizenship. *See, e.g.*, *Phoenix Four, Inc. v. Strategic Resources Corp.*, 446 F. Supp. 2d 205, 217 (S.D.N.Y 2004) (finding no subject matter jurisdiction where plaintiff was a Bahamian corporation with a principal place business in New York and defendants were New York citizens). Additionally, diversity jurisdiction is destroyed if a member of a foreign, non-incorporated entity is a citizen of the same state as an opposing party. *See, e.g.*, *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316–17 (7th Cir. 1998) (evaluating the citizenship of Underwriters at Lloyd's, London and finding no subject matter jurisdiction where a syndicate member and an opposing party both held Indiana citizenship).

Ultimately, because "[f]ederal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," this Court must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests

- 4 -

upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendants' Notice of Removal fails to meet this burden in at least three ways.

First, Defendants' Notice fails to allege the parties' respective citizenships both at the time the state action was initiated and at the time of removal. *See Chavez-Lavagnino*, 714 F.3d at 1056. Defendants state only that Plaintiff "is . . . a citizen of Brazil" and Defendants "are citizens of Illinois." Doc. [1] ¶ 5. Although these statements, and the factual allegations supporting them, purport to establish the parties' citizenships at the time of removal, they contain no allegations concerning the parties' citizenship "when the suit was commenced." *Reece*, 760 F.3d at 777.

Second, Defendants insufficiently allege Plaintiff's citizenship. Defendants assert that Plaintiff Novus Ag, LLC, is a Brazilian citizen for purposes of diversity jurisdiction because "Aqua Capital, a Brazilian entity which is an agriculture-focused private equity investor based in Brazil," has purchased the "ownership interests" in Plaintiff. Doc. [1] ¶ 5. Thus, Defendants allege, Plaintiff is "a citizen of Brazil" because Aqua Capital is the sole member of Plaintiff Novus Ag, LLC. *Id.*; *see GMAC*, 357 F.3d at 829 ("[A]n LLC's citizenship is that of its members for diversity jurisdiction purposes."). But even if the Court assumes that all the facts alleged by Defendants are true, Plaintiff's citizenship is still an open question because Defendants fail to sufficiently allege the citizenship of Aqua Capital.

As discussed above, a business entity's citizenship depends on whether it is a corporation or a non-incorporated entity. *Jet Midwest*, 932 F.3d at 1105. As such, it is not enough for Defendants' Notice to state that Aqua Capital is merely "a Brazilian entity;" rather, the Court must know whether Aqua Capital is incorporated or non-incorporated before it can

- 5 -

fully ascertain Aqua Capital's citizenship. Further, if Aqua Capital is organized as a type of business entity that is specific to Brazilian law, Defendants must allege that the entity "is equivalent in all legally material respects to a corporation under state law" before the before the corporate-citizenship test of § 1332(c)(1) can apply. *See id.* (analyzing the citizenship of a Hong Kong limited company).

If that test does not apply, the citizenship of Aqua Capital is equivalent to the citizenship of its respective members, whoever they might be. *Id.* at 1104. And if any of those members share Illinois citizenship with Defendants in this case, this Court would lack subject matter jurisdiction because § 1332(a) requires complete diversity among the parties. *See Ind. Gas*, 141 F.3d at 316–17. Even assuming that Aqua Capital is the sole member of Plaintiff's LLC, the Court can "be assured of its own jurisdiction" only if Defendants properly allege Aqua Capital's citizenship such that complete diversity is apparent. *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023) (requiring the party seeking jurisdiction to not only identify LLC members but "specifically plead the state of their citizenship"); *see also Hill*, 2022 WL 1202363 at *3 (explaining that diversity jurisdiction requires a court know the citizenship of an LLC's members and any sub-members).

Third, Defendants do not explain how the amount in controversy exceeds $75,000. The Notice of Removal merely states the conclusion that "the amount in controversy exceeds $75,000 exclusive of interest and costs." Doc. [1] ¶ 6. Although a removing defendant need not, as a matter of course, submit evidence demonstrating that amount in controversy requirement is satisfied, the notice of removal still must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 90 (2014). Indeed, "[a] removing defendant can establish federal

- 6 -

jurisdiction with specific factual allegations combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2013) (discussing the amount in controversy requirement and the applicable burden of proof). But reasonableness or plausibility aside, Defendants' Notice contains no factual allegations regarding the amount in controversy at all.[1]

Notwithstanding the facial deficiencies in Defendants' Notice of Removal, Plaintiff moves to remand arguing that, because all parties in this case are citizens of Illinois, there is no diversity of citizenship and, thus, this Court lacks subject matter jurisdiction. Doc. [9] at 4. Plaintiff asserts that, although Aqua Capital may have a partial ownership interest in Novus Ag, LLC, other members and sub-members remain active, and one of those sub-members has been, at all relevant times, an Illinois citizen. Doc. [11] at 1–2. In this way, Plaintiff makes a factual attack against Defendants' Notice of Removal and "challenges the veracity of the facts underpinning subject matter jurisdiction." *Davis v. Anthony*, 886 F.3d 674, 679 (8th Cir. 2018) (distinguishing facial attacks on jurisdiction from factual attacks on jurisdiction).[2]

---

[1] In some cases, the initial state-court complaint will establish the amount in controversy, *see* 28 U.S.C. § 1446(c)(2), but Plaintiff's Petition does not fully settle the matter here. Plaintiff specifies an amount that exceeds $75,000 in only one of its claims against only a subset of defendants, specifically, its conversion claim against Defendants Smith and Doody. Doc. [5] ¶ 82 (asserting $125,000 as the value of the goods at issue). None of Plaintiff's claims against Defendant S&M Supply exceed $75,000 outright. *See, e.g.*, Doc. [5] ¶ 54 (stating only that "Novus Ag reasonably believes its [breach-of-contract] damages exceed $25,000").

[2] Defendants refute Plaintiff's assertion by citing to certain press releases and an Aqua Capital annual report that, Defendants argue, demonstrate Aqua Capital's status as the sole owner and member of Plaintiff Novus Ag, LLC. Doc. [10] at 2–3. At this time, the Court does not assess the factual sufficiency of Defendants' Notice of Removal, and it makes no determination whether these documents would satisfy Defendants' burden to establish "federal jurisdiction by a preponderance of the evidence," *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010), because, as discussed above, the Court finds Defendants' Notice facially deficient.

When a party makes such an attack, "the court considers matters outside the pleadings." *Id.* (internal quotations omitted). That is, a "court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Competent evidence, in this context, is viewed "under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. P. 56(c)); *see also Brand Servs., LLC v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)) (explaining that "the court may rely on 'summary judgment-type' evidence" when weighing jurisdictional facts). To that end, a cited affidavit or declaration "must be made on personal knowledge." Fed. R. Civ. P. 56(c). And declarations or affidavits "asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge." *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995).

As evidence of its position, Plaintiff submits a declaration, signed by Richard Garnett ("Mr. Garnett"), that establishes his long-time Illinois citizenship. Doc. [9-1] ¶ 2. The declaration also describes a subset of Plaintiff Novus Ag, LLC's ownership structure that culminates in Mr. Garnett's position as a sub-member of Plaintiff's LLC. Doc. [9-1] ¶ 4. To be specific, Mr. Garnett states:

> "I am a member of GFG Management Holdings, LLC. GFG Management Holdings, LLC is a member of GFG Acquisition Holding, LLC. GFG Acquisition Holding, LLC is a member of GFG Intermediate LLC. GFG Intermediate LLC is a member of GFG AG Holdings, LLC. GFG AG Holdings LLC is a member of GFG Services, LLC. GFG Services, LLC is a member of Novus Resources, LLC. Novus Resources, LLC is a member of Novus AG, LLC, the plaintiff in the above-captioned action.

*Id.* The Court agrees that, if true, Mr. Garnett's sworn statement would establish Plaintiff's Illinois citizenship and, therefore, the Court would not have subject matter jurisdiction over this case for lack of complete diversity between the parties. *See M & B Oil*, 66 F.4th at 1109; *see also GMAC*, 357 F.3d at 829. However, there are no facts indicating Mr. Garnett's personal knowledge of such matters. The declaration merely provides the conclusory statement that Mr. Garnett has "personal knowledge of the facts set forth below." *Id.* ¶ 1.

Plaintiff cites *AG/CP Crestwood Retail Owner, LLC v. Gamestop, Inc*. to show that other courts have granted motions to remand based on similar declarations, Doc. [11] at 2, but the affidavit in that case sufficiently demonstrated the affiant's personal knowledge. 4:11-cv-00389, 2011 WL 2038608, at *2 (E.D. Mo. May 25, 2011). There, the plaintiff LLC submitted an affidavit outlining LLC membership interests that held the same citizenship as the opposing party. *Id.* That affidavit, however, was authored by the plaintiff's general counsel who specifically stated that that he held such a role and that—plausibly, by virtue of his position—he had personal knowledge of the plaintiff's organizational structure and ownership. *Id.* at *1; *see also Fever v. Westin*, 4:12-cv-0009-SNLJ, 2012 WL 1657065, at *2 (E.D. Mo. May 10, 2012) (finding complete diversity existed based on an affidavit authored by a corporate director overseeing an entity responsible for managing defendant's daily operations).

In his declaration, Mr. Garnett does not simply state that he holds an ownership interest in Plaintiff such that *he* is one of Plaintiff's members. Instead, he recites a chain of seven interconnected LLCs that ends with his sub-membership interest. Mr. Garnett could very well have personal knowledge of this subset of Plaintiff's ownership structure, and he does not need to be a general counsel or a corporate officer to have such information. But if he is to provide "competent evidence" identifying Plaintiff's members and sub-members, *see Titus*, 4 F.3d at

593, he must provide "enough factual support to show that [he] possesses that knowledge," *see see El Deeb*, 60 F.3d at 428, especially given his status as a sub-member who is seven-levels removed from the named Plaintiff in this action.

\*\*\*

Therefore, if Defendants can establish this Court's subject matter jurisdiction, Defendants must file an Amended Notice of Removal doing so. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Additionally, the Court will deny Plaintiff's Motion to Remand without prejudice, mindful that a party may challenge subject matter jurisdiction at any time. *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall file an Amended Notice of Removal no later than **Friday, December 06, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is **DENIED** without prejudice.

Dated this 22nd day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE